UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADELAIDA PERALES,

    Plaintiff,

v().    Case No:   6:15-cv-134-Orl-41TBS

RAVAGO AMERICAS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement (Doc 24).   The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.   I have examined the motion and the settlement agreement (Doc. 24-1), and for the reasons set forth herein, I respectfully recommend that the motion be **granted**.

### I. Background

On January 28, 2015, Plaintiff Adelaida Perales filed an action against her former employer Defendant Ravago Americas, LLC for unpaid overtime compensation (Doc.1). Plaintiff alleges she worked as an "Export Coordinator" for Defendant and although she typically worked 50-65 hours per week between January 28, 2012 and September 16, 2014, Defendant only paid her for 40 hours per week (Id. ¶¶ 11, 18-29; Doc. 17 at 2). Defendant admits it employed Plaintiff, but denies her claim for unpaid overtime compensation (Doc. 14).   On February 2, 2016, the parties informed the Court that they had reached an agreement to resolve their dispute (Doc. 23).

## II. Discussion

### A. Settlement Sum

In <u>Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor</u>, the Court said "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." <u>Id.</u> at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages ... and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." <u>Id.</u> at 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." <u>Id.</u> at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

<u>Leverso v. South Trust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should be mindful of the strong

presumption in favor of finding a settlement fair. Hamilton v. Frito-Lay, Inc., No. 605-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) (citing Cotton v. Hinton 559 F.2d 1326, 1331 (5th Cir. 1977)).

Here, Defendant has promised to pay and Plaintiff has agreed to settle her claim for a total of $53,000, allocated as follows: $15,250 representing unpaid wages, $15,250 representing liquidated damages, $20,000 for attorneys' fees, and $2,500 for costs (Doc. 24 at 2, ¶ 3; Doc. 24-1 at 3). Plaintiff has agreed to accept a lower amount than she originally claimed because of the factual discrepancies between the parties' positions, to ensure a recovery, and to avoid the uncertainties of litigation (Doc. 24). Nothing in the record suggests that the proposed compromise of Plaintiff's claim is unreasonable.

### B. Release

General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352.

The parties' settlement agreement includes a release that is sufficiently narrow to withstand judicial scrutiny. Unlike Moreno, the settlement agreement does not require Plaintiff to release unknown claims that are unrelated to her wage and hour claim; instead, the release is limited to claims for unpaid wages, as well as any other wage and hour claim of any kind based on the "same factual predicate as this action, or [that] could have been raised in this action." Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK,


No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citing Heath v. Hard Rock Café Int'l, Inc., No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement)).  Accordingly, I respectfully recommend that the Court find the release provision to be limited in scope and the agreement to be fair and reasonable.

### C. Jury Trial Clause

In Paragraph 6 of the settlement agreement, Plaintiff waives her right to a jury trial if the settlement agreement is accepted and preserves her right in the event the settlement is not accepted (Doc. 24-1 at 4).  The Court does not understand the purpose of this clause in light of the limited release outlined in paragraph 2 of the agreement. Therefore, I respectfully recommend that the district court sever and delete the jury trial clause from the agreement, pursuant to the severability clause in paragraph 7.

### D. Attorney's Fees

The parties represent that the $20,000 in attorney's fees to be paid to Plaintiff's counsel, was negotiated separately from her recovery, without regard to the amount of the settlement sum (Doc. 24 at 7).  This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel.  See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### III. Recommendation

Upon consideration of the foregoing, I find that the settlement agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the parties' Joint Motion for Approval of Settlement (Doc. 24) be **GRANTED**, and that the parties' settlement agreement be **APPROVED** by the district court. I further recommend that this action be **DISMISSED WITH PREJUDICE** and the case file be **CLOSED**.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 11, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record